IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERWIN MATHEW,<br><br>Plaintiff,<br><br>v.<br><br>HY-VEE, INC.; and BRIAN D. BRIGGS<br><br>Defendants. | CASE NO.: _____<br><br><br>COMPLAINT AND JURY DEMAND |

## **INTRODUCTION**

This case has been brought because Sherwin Mathew ("Sherwin" or "Plaintiff") suffered catastrophic injuries following a motor vehicle crash that occurred in Douglas County, Nebraska on August 2, 2023. Sherwin's injuries were caused by the negligent acts and omissions of the Defendant, Brian D. Briggs ("Briggs"), who was operating a tractor-trailer within the course and scope of his employment with Defendant Hy-Vee, Inc. While operating the tractor-trailer owned by Defendant Hy-Vee, Inc., Defendant Briggs crashed into the driver side of the vehicle driven by Sherwin and caused life-altering injuries. Sherwin seeks one hundred percent of the damages available to him under the law, which exceeds the jurisdictional limitations of seventy-five thousand dollars.

## **PARTIES**

1. Plaintiff Sherwin Mathew is a citizen of Michigan.
2. Plaintiff Sherwin Mathew presently resides in Macomb County, Michigan.
3. Defendant Brian D. Briggs is a citizen of Iowa.
4. Defendant Brian D. Briggs presently resides in Lucas County, Iowa.

5. Defendant Hy-Vee, Inc. is a corporation with its principal place of business located in Des Moines, Polk County, Iowa.

## JURISDICTION

6. This court has personal jurisdiction over Defendant Brian D. Briggs because the events that give rise to this cause of action occurred in Douglas County, Nebraska.

7. This court has personal jurisdiction over Defendant Hy-Vee, Inc. because the events that give rise to this cause of action occurred in Douglas County, Nebraska, and Hy-Vee, Inc. does business in Douglas County, Nebraska.

8. This Court has personal jurisdiction over the parties.

9. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C.A. §1332.

10. Diversity of citizenship is present between the parties.

11. The amount in controversy substantially exceeds seventy-five thousand dollars, exclusive of interest and costs.

12. This Court has subject matter jurisdiction over the parties.

## VENUE

13. Plaintiff fully incorporates paragraphs 1 through 12 of this Complaint as if fully restated herein.

14. The events that give rise to this cause of action took place on August 2, 2023 in Douglas County, Omaha, NE.

15. Venue is proper pursuant to 28 U.S.C.A. §1391 because a substantial part of the events and omissions giving rise to the claim occurred in the District of Nebraska.

## STATEMENT OF FACTS

16. On August 2, 2023, Plaintiff was operating a 2012 Dodge Journey northbound on 108th street.

17. At approximately 9:59 a.m., Plaintiff attempted to cross through the intersection of 108th Street and Fort Street to continue onto 108th Street.

18. Plaintiff had a green light when he attempted to cross through the intersection of 108th Street and Fort Street to continue onto 108th Street.

19. At approximately the same time, Defendant Briggs was operating a tractor-trailer southbound on 108th Street.

20. The tractor-trailer Defendant Briggs was operating was owned by Defendant Hy-Vee, Inc.

21. While operating the tractor-trailer, Defendant Briggs made a left-hand turn eastbound onto Fort Street.

22. Defendant Briggs made the left-hand turn in violation of a red-light signal and failed to yield to traffic traveling northbound on 108th Street.

23. Defendant Briggs turned onto Fort Street and crashed into the driver side of the vehicle being operated by Plaintiff.

24. After the accident, Defendant Briggs wrongfully told responding officers that he had the green arrow at the time of the collision.

25. Dash cam footage from the tractor-trailer owned by Hy-Vee confirmed that Defendant Briggs had a red light.

26. Defendant Briggs was issued a citation for violating the red light.

27. The force of the impact crushed the left side of the vehicle Plaintiff was operating.

28. The force of the impact caused Plaintiff to sustain serious injury.

29. Plaintiff suffered significant injuries as a direct result of Defendant Briggs striking Plaintiff's vehicle, including but not limited to:

    a. Traumatic brain injury
    b. Loss of hearing
    c. Cervical spine injury
    d. Thoracic spine injury
    e. Lumbar spine injury

      f.      Left shoulder injury

      g.      Right shoulder injury

      h.      Facial injuries

30.     Plaintiff continues to treat for his injuries.

31.     Plaintiff has been medically precluded from working as a result of Defendant Briggs' negligence.

32.     Plaintiff has and will continue to experience severe physical pain as a result of Defendant Briggs' negligence.

33.     Plaintiff has and will continue to experience severe mental suffering as a result of Defendant Briggs' negligence.

34.     Plaintiff has and will continue to experience loss of enjoyment of his life as a result of Defendant Briggs' negligence.

35.     Upon information and belief, Defendant Briggs was operating the tractor-trailer within the scope of his employment with Hy-Vee, Inc.

36.     Defendant Hy-Vee, Inc. is vicariously liable for the actions of its employee through the doctrine of *Respondeat Superior*.

## CAUSE OF ACTION - NEGLIGENCE

37.     Plaintiff hereby incorporates paragraphs 1 through 36 of this Complaint as if fully restated herein.

38.     Defendant Briggs owed Plaintiff a duty to maintain a proper look out while operating the tractor-trailer.

39.     Defendant Briggs owed Plaintiff a duty to keep the tractor-trailer under reasonable control.

40.     Defendant Briggs owed Plaintiff a duty to operate the tractor-trailer within the limits of his control.

41.     Defendant Briggs owed Plaintiff a duty to maintain a proper lookout when driving the tractor-trailer.

42. Defendant Briggs owed Plaintiff a duty to use due care when driving the tractor-trailer.

43. Defendant Briggs owed Plaintiff a duty to follow the rules of the roadway when operating the tractor-trailer.

44. Defendant Briggs breached his duty to Plaintiff in the following manner:

  a. Failing to maintain a proper lookout.

  b. Failing to control the tractor-trailer.

  c. Failing to adhere to the rules of the road.

  d. Failing to yield the right of way.

  e. By failing to act as a reasonably careful driver in the same situation would have acted.

  f. By trying to turn left on a red light.

  g. By crashing into the side of the vehicle being operated by Plaintiff.

45. As a direct and proximate result of Defendant Briggs' breach of his duties, Defendant Briggs caused Plaintiff to sustain serious and significant damage.

## **CAUSE OF ACTION – NEGLIGENCE OF HY-VEE, INC. THROUGH DOCTRINE OF** *RESPONDEAT SUPERIOR*

46. Plaintiff hereby incorporates paragraphs 1 through 45 of this Complaint as if fully restated herein.

47. Upon information and belief, Defendant Briggs was operating the tractor-trailer as an employee, agent, and/or servant of Defendant Hy-Vee, Inc.

48. Upon information and belief, Defendant Briggs was operating the tractor-trailer for the benefit of Hy-Vee, Inc.

49. Upon information and belief, Defendant Briggs was acting within the scope of his employment with Hy-Vee, Inc.

50. Defendant's employee, agent, and/or servant owed Plaintiff a duty to maintain a proper lookout while operating the tractor-trailer.

51. Defendant's employee, agent, and/or servant owed Plaintiff a duty to keep Defendant's tractor-trailer under reasonable control.

52. Defendant's employee, agent, and/or servant owed Plaintiff a duty to operate Defendant's vehicle within the limits of his/her control.

53. Defendant's employee, agent, and/or servant owed Plaintiff a duty to maintain a proper lookout when driving Defendant's tractor-trailer while in the course of his employment.

54. Defendant's employee, agent, and/or servant owed Plaintiff a duty to use due care when operating Defendant's tractor-trailer.

55. Defendant's employee, agent, and/or servant owed Plaintiff a duty to obey all rules of the roadway in the operation of Defendant's tractor-trailer.

56. Defendant's employee, agent, and/or servant breached his duty to Plaintiff in the following manner:

   a. Failing to maintain a proper lookout.
   b. Failing to control the tractor-trailer.
   c. Failing to adhere to the rules of the road.
   d. Failing to yield the right of way.
   e. By failing to act as a reasonably careful driver in the same situation would have acted.
   f. By trying to turn left on a red light.
   g. By crashing into the side of the vehicle being operated by Plaintiff.

57. As a direct and proximate result of Defendant's employee, agent, and/or servant's breach of duties, Defendant's employee, agent, and/or servant caused Plaintiff to sustain serious and significant injuries.

58. Defendant Hy-Vee, Inc. is vicariously liable for the negligence, carelessness, and recklessness of its employee, agent, and/or servant and is responsible for all injuries and damages described more fully herein under the doctrine of *respondeat superior*.

## DAMAGES

59. Plaintiff hereby incorporates paragraph 1 through 58 of this Complaint as if fully restated herein.

60. As a result of the above Plaintiff incurred:

    a. Past reasonable and necessary medical expenses;

    b. Future reasonable and necessary medical expenses;

    c. Past lost wages;

    d. Loss of future earning power;

    e. Past physical pain;

    f. Future physical pain;

    g. Past mental suffering;

    h. Future mental suffering;

    i. Past emotional distress;

    j. Future emotional distress;

    k. Past humiliation;

    l. Future humiliation;

    m. Past inconvenience;

    n. Future inconvenience;

    o. Past loss of society and companionship;

    p. Future loss of society and companionship.

61. Sherwin Mathew seeks to recover damages against Defendant Briggs and Defendant Hy-Vee, Inc. in an amount to be proven at trial.

## JURY DEMAND

62. Plaintiff demands a trial by jury.

DATED: August 1, 2024.

SHERWIN MATHEW, Plaintiff.

By: /s/ Justin High

Justin High #23354
High & Younes
6919 Dodge Street
Omaha, Nebraska 68132
Ph: 402-933-3345
Fax: 402-933-3020
Email: justin@hyattorneys.com
*Attorneys for Plaintiff*